

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JD
F.#2011R01280

*Mailing Address:*   271 Cadman Plaza East
                     Brooklyn, New York  11201

December 17, 2011

By ECF

John Meringolo, Esq.
375 Greenwich Street, 7th Floor
New York, N.Y. 10013

      Re:   United States v. Frank DiMattina
              Criminal Docket No. 11-705 (JBW)

Dear Counsel:

      The defendant has moved to suppress statements made by him to the FBI at the time of his arrest, on a complaint, for Hobbs Act extortion and illegal use of a firearm.  (See Dkt. Entry # 22, dated 11/3/11).  The defendant also seeks suppression of a videotape taken on May 6, 2011 in Staten Island. (See Dkt. Entry # 26, dated 11/18/11).  By order dated November 30, 2011, the Court set the matter down for an evidentiary hearing to be held on December 20, 2011, and directed the parties to exchange a list of witnesses, summaries of testimony and marked exhibits.  The government respectfully submits this letter as directed by the Court.

1.    <u>Government Exhibits</u>

      The government anticipates introducing the following exhibits at the hearing:

- GX 1 - Advice of Rights Form

- GX 2 - Photo of Defendant's "Death Before Dishonor" Tattoo.

- GX 3 - Private surveillance video taken May 6, 2011

- GX 4 - Affidavit of Frank Dimattina, dated November 3, 2011, in support of motion. (Dkt Ent. # 22).

2.  **Government Witnesses**

    The government expects to call FBI Special Agent David Fernicola and/or Supervisory Special Agent George Khouzami at the hearing. Their expected testimony has been summarized in FBI 302 reports dated September 19, 2011. These reports were previously disclosed to the defense pursuant to Rule 16, and are attached as "Exhibit B" to the defendant's motion to suppress (See Dkt. Ent. #22).

    The government further expects to elicit testimony from Agent Fernicola regarding a surveillance video provided to the FBI by John Doe #1, the victim as identified in the indictment. It is expected that the testimony will establish that on the morning of May 6, 2011, vandalism in the form of broken windows was committed by two persons at John Doe's business. John Doe retrieved the video at issue from a surveillance system at his business and recognized the defendant Frank Dimattina, a business associate of John Doe's, as one of the perpetrators of the crime. John Doe provided this information to the FBI, along with the videotape. At no time was any identification procedure employed by law enforcement relative to this videotape.

3.  **The Defendant's Required Disclosures**

    The government hereby requests reciprocal discovery, pursuant to the Court's ruling. The defense has indicated an intention to call Vincent Romano, Esq., Mr. Dimattina's prior counsel, as a witness at the hearing. Please provide the government with a copy of any exhibits to be introduced at the hearing, and a summary of Mr. Romano's proposed testimony. The defense has requested production of any statements/voice mail messages made by Mr. Romano which may be in the possession of the government. The defense is not entitled to these materials, as they do not contain <u>Brady</u> or <u>Giglio</u> material, and are more properly material to be used for potential cross examination of this witness.

4.  **Legal Argument**

    A.  **The Defendant's Post-Arrest Statements Are Admissible**

        The defendant contends in his motion that the post-arrest statements he made to the agents should be suppressed because he did not knowingly and voluntarily waive his <u>Miranda</u> rights. This argument will be shown to be without merit.

1.  <u>Applicable Law</u>

A waiver of <u>Miranda</u> rights is valid when it is the result of a knowing and voluntary choice. <u>Colorado v. Spring</u>, 479 U.S. 564, 573 (1987). Such "[a] waiver is valid if the totality of the circumstances indicates that the defendant understood his rights and voluntarily waived them." <u>United States v. Ghafoor</u>, 897 F. Supp. 90, 91 (S.D.N.Y. 1995) (citing <u>Campaneria v. Reid</u>, 891 F.2d 1014, 1020 (2d Cir. 1989)). Whether a waiver is "knowing and voluntary" is a question directed to a defendant's state of mind, which can be inferred from his actions and statements. <u>See</u> <u>North Carolina v. Butler</u>, 441 U.S. 369, 373 (1979). "An express written or oral statement of waiver of the right to remain silent . . . is not inevitably either necessary or sufficient" in order for the defendant to waive his Fifth Amendment rights. <u>Id.</u>; <u>see also</u> <u>United States v. Jaswal</u>, 47 F.3d 539, 542 (2d Cir. 1995)(per curiam), <u>United States v. Tutino</u>, 883 F.2d 1125, 1137 (2d Cir. 1989). Rather, "the question of waiver must be determined on 'the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused.'" <u>Butler</u> at 374-75 (quoting <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464 (1938)).

2.  <u>The Defendant Was Properly Advised of His Miranda Rights and Knowingly and Voluntarily Waived Them</u>

Evidence at the hearing will establish that on September 15, 2011, the defendant was properly advised of his <u>Miranda</u> rights, and he knowingly and voluntarily waived them. As will be shown at the hearing, law enforcement advised Dimattina of his rights orally and in writing, and he acknowledged that he understood them. The defendant then voluntarily made statements, without coercion or threats by law enforcement. Having been arrested on prior occasions, the defendant is no stranger to interactions with law enforcement and is aware of the consequences of making statements to them. <u>See</u> <u>United States v. Scarpa</u>, 897 F.2d 63 (2d Cir. 1990). The defendant argues that his refusal to sign the waiver form, <u>see</u> Dimattina Affidavit, is tantamount to a refusal to waive his rights. A defendant's refusal to sign a written waiver form, however, does not preclude finding a valid waiver. <u>United States v. Spencer</u>, 995 F.2d 10, 12 (2d Cir. 1993); <u>see also</u> <u>United States v. Boston</u>, 508 F.2d 1171, 1175 (2d Cir. 1974).

      3.    The Defendant Made Certain Statements which Were not in Response to Interrogation

As detailed in the FBI 302 reports disclosed to the defense, the defendant asked questions of the agents regarding the nature of the charges against him. In response to agents' explanation of the charges, Dimattina made additional statements. These statements, which were volunteered by the defendant and not in response to interrogation, are properly admissible.

In <u>Rhode Island v. Innis</u>, the Supreme Court explained that "interrogation" for Fifth Amendment purposes includes express questioning of a subject or its "functional equivalent," which means "any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response." 446 U.S. 291, 301 (1980). "Interrogation" for Sixth Amendment purposes occurs when law enforcement officers "deliberately elicit" incriminating information. <u>See</u> <u>Massiah v. United States</u>, 377 U.S. 201, 206 (1964).

A simple recitation of charges that a suspect in custody faces, however, does not amount to "interrogation" under either the Fifth or Sixth Amendment. <u>See</u>, <u>e.g.</u>, <u>Acosta v. Artuz</u>, 575 F.3d 177, 191-92 (2d Cir. 2009) ("courts have not endorsed the proposition that statements by law enforcement officials to a suspect regarding the nature of the evidence against the suspect constitute interrogation as a matter of law" (citations and internal quotation marks omitted)); <u>United States v. Wipf</u>, 397 F.3d 677, 685 (8th Cir. 2005) (explanation to suspect of charges against him did not amount to interrogation); <u>United States v. Conley</u>, 156 F.3d 78, 83 (1st Cir. 1998) ("law enforcement officer's mere description of the evidence and of potential charges against a suspect, in direct response to the suspect's importuning, hardly can be classified as interrogatory"); <u>Enoch v. Gramley</u>, 70 F.3d 1490, 1500 (7th Cir. 1995) ( "[b]riefly reciting to a suspect in custody the basis for holding him, without more, cannot be the functional equivalent of interrogation"); <u>United States v. Payne</u>, 954 F.2d 199, 202 (4th Cir. 1992) ("the <u>Innis</u> definition of interrogation is not so broad as to capture within <u>Miranda</u>'s reach all declaratory statements by police officers concerning the nature of the charges against the suspect and all evidence relating to those charges").

   Because many of Dimattina's statements were made after an agent advised the defendant of the charges against him - and not in response to "interrogation," suppression of his post-arrest statements regarding the charged extortion is not warranted.

5. <u>Conclusion</u>

   In sum, the statements made by Dimattina following his September 15, 2011 arrest were not obtained in violation of the defendant's Fifth Amendment rights.  Accordingly, the government will argue that the defendant's argument that his post-arrest statements should be suppressed must fail.

         Very truly yours,

         LORETTA E. LYNCH
         United States Attorney


       By: _____/s/_____
         Jack Dennehy
         Assistant United States Attorney
         (718) 254-6133

cc: Hon. Jack B. Weinstein (By ECF and Hand)

   Clerk of Court (JBW)by ECF