

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JD
F.#2011R01280

*Mailing Address:*  271 Cadman Plaza East
Brooklyn, New York  11201

December 27, 2011

By Hand

John Meringolo, Esq.
375 Greenwich Street, 7th Floor
New York, N.Y. 10013

    Re:  United States v. Frank DiMattina
         Criminal Docket No. 11-705 (JBW)

Dear Counsel:

    Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, please find enclosed with this letter discovery in the above-referenced matter.  Please also consider this letter to be the government's request for reciprocal discovery.

1.    Statements of the Defendant

    Enclosed with this letter is a copy of a DVD containing portions of the defendant's video, which was posted on YouTube under the name banquetboyz.com.  This DVD, which is Bates numbered 149, contains statements of the defendant regarding the instant case which the government will seek to introduce in its case-in-chief at trial, and/or upon which to cross-examine the defendant should he choose to testify.

3.    Documents and Tangible Objects

    Enclosed with this letter is a copy of various reports obtained from the New York City Police Department and the Richmond County DA's office relating to incidents of vandalism and other acts at issue in this case.  The government may seek to introduce all or relevant parts of this file into evidence at trial.  The documents are Bates-numbered 150-178.  The documents also qualify as 3500 materials for various government witness at trial, including John Doe and Kenneth Peterson.

    Enclosed further are documents, Bates numbered 179-199, which were provided to the government by John Doe.  These

documents, portions of which may be admitted at trial, concern the purchase, by John Doe, of a property from the defendant. They also may contain 3500 materials for John Doe.

4.  Reports of Examinations and Tests

The government will provide you with copies of reports of any examinations or tests conducted in connection with this case as they come available.

5.  Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion.

6.  Brady Materials

The government is unaware of any exculpatory material regarding the defendant in this case. The government is aware of and will comply with its obligation to produce exculpatory material or information under Brady v. Maryland, 373 U.S. 83 (1963).

The government will furnish the defense before trial with information or material regarding payments, promises of immunity, leniency, or preferential treatment, if any, made to prospective witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959). The government will furnish before trial information or material regarding any prior convictions of any co-conspirator, accomplice or informant who may testify at trial for the government.

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

7.  Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Federal Rule of Evidence 404(b).

The Defendant's Required Disclosures

      The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

      The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

      The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

      If you have any questions or further requests, please do not hesitate to contact me.

                                    Very truly yours,

                                    LORETTA E. LYNCH
                                  United States Attorney

                        By:   _____/s/_____
                              Jack Dennehy
                              Assistant United States Attorney
                              (718) 254-6133

Enclosures
cc:   Clerk of Court (JBW)by ECF
      Eastern District of New York (w/o enclosures)