

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JD
F.#2011R01280

*Mailing Address:* 271 Cadman Plaza East
Brooklyn, New York 11201

December 29, 2011

<u>By Email and by Hand</u>

John Meringolo, Esq.
375 Greenwich Street, 7th Floor
New York, N.Y. 10013

      Re: United States v. Frank DiMattina
          <u>Criminal Docket No. 11-705 (JBW)</u>

Dear Counsel:

    Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, please find enclosed with this letter discovery in the above-referenced matter. Please also consider this letter to be the government's request for reciprocal discovery.

3. <u>Documents and Tangible Objects</u>

    Enclosed with this letter is a copy of various reports obtained from the New York City Police Department relating to incidents of vandalism and other acts at issue in this case, and two invoices for repairs performed as a result of the damage. The documents are Bates-numbered 200-211 .

    Enclosed further are copies of 18 photographs, Bates numbered 212-217, which were provided to the government by John Doe. These photographs depict certain vandalism which occurred at the home of John Doe.

    Lastly, enclosed is a copy of a still photograph, taken from the May 6, 2011 Ariana's surveillance video, previously disclosed to the defense, which the government will introduce in evidence at trial. The photo is time stamped "05/06/2011 01:58:39:515."


4.   Reports of Examinations and Tests

The government will provide you with copies of reports of any examinations or tests conducted in connection with this case as they come available.

5.   Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion.

6.   Brady Materials

The government is unaware of any exculpatory material regarding the defendant in this case. The government is aware of and will comply with its obligation to produce exculpatory material or information under Brady v. Maryland, 373 U.S. 83 (1963).

The government will furnish the defense before trial with information or material regarding payments, promises of immunity, leniency, or preferential treatment, if any, made to prospective witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959). The government will furnish before trial information or material regarding any prior convictions of any co-conspirator, accomplice or informant who may testify at trial for the government.

The government has furnished before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the

2

defendant's possession, custody, or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  <u>See</u> Fed. R. Crim. P. 26.2.  In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

If you have any questions or further requests, please do not hesitate to contact me.

          Very truly yours,

          LORETTA E. LYNCH
          United States Attorney


       By: _____/s/_____
          Jack Dennehy
          Assistant United States Attorney
          (718) 254-6133

Enclosures
cc:  Clerk of Court (JBW)by ECF
   Eastern District of New York (w/o enclosures)