TM:JD
F.#2011R01280

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -                11 CR 705 (JBW)

FRANK DIMATTINA,
      also known as "Frankie D"
      and "Frankie Ariana,"

          Defendant.

- - - - - - - - - - - - - - - -X

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S RULE 33 MOTION

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York  11201

Jack Dennehy
Assistant U.S. Attorney
    (Of Counsel)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF DECISION . . . . . . . . . . . . . . . . . . . . 2

ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      I.   The Defendant Has Not Established That He was
           Unaware of the Details of the Alleged Newly
           Discovered Evidence, and That He Could Not
           Have Learned Those Details Through Due Diligence . . 6

     II. Pursuant to Rule 33(b)(2), the Motion is Untimely
          and Should be Denied Without a Hearing . . . . . . .11

     III. Sentencing . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 12

PRELIMINARY STATEMENT

The government respectfully submits this memorandum of
law in opposition to the defendant's March 16, 2012 motion for a
new trial pursuant to Rule 33 of the Federal Rules of Criminal
Procedure.  The defendant asserts that "newly discovered
evidence," in the form of alibi evidence, warrants vacatur of his
conviction.  As demonstrated below, the defendant's motion is
untimely and without merit and should be denied without a
hearing.

STATEMENT OF FACTS

On January 6, 2012, defendant Frank Dimattina was
convicted at trial of (1) Hobbs Act extortion relating to a bid
for a school lunch program and (2) unlawful use of a firearm
during that crime of violence.  Trial commenced on January 3,
2012, and the government's proof was completed by January 4,
2012.  The defense presented a case on January 5, 2012, and the
jury returned its verdict the next day.  At that time, the Court
denied a post-verdict motion, made pursuant to Rule 29(b), to set
aside the verdict.  (Tr. at 452).  The defendant did not request,
and the Court did not order, any extension of time for the filing
of additional motions outside the time provided by law.

Here, the facts of the alleged alibi were known
(exclusively) to the defendant prior to and at the time of trial.
The alibi defense could have been discovered and advanced at

trial in the exercise of due diligence after the government

witnesses had testified and before the verdict was rendered.

<u>STANDARD OF DECISION</u>

Rule 33(a) provides that "[u]pon the defendant's

motion, the court may vacate any judgment and grant a new trial

if the interest of justice so requires."  The Second Circuit has

repeatedly identified the standard of decision for a Rule 33(a)

motion as extremely stringent and requires denial of the motion

unless it would be a "manifest injustice" to let the verdict

stand — that is, that absent a new trial there would be a real

concern that an "innocent person" was convicted.  For example, in

<u>United States v. Guang</u>, 511 F.3d 110 (2d Cir. 2007), the Second

Circuit reiterated this basic rule of decision for Rule 33(a)

motions:

> The test is whether "it would be a manifest
> injustice to let the guilty verdict stand."
> <u>United States v. Sanchez</u>, 969 F.2d 1409, 1414
> (2d Cir. 1992) (quoting <u>United States v.</u>
> <u>Reed</u>, 875 F.2d 107, 114 (7th Cir. 1989)).
> For a trial judge to grant a Rule 33 motion,
> he must harbor "a real concern that an
> innocent person may have been convicted."
> <u>United States v. Parkes</u>, 497 F.3d 220, 232
> (2d Cir. 2007) (quoting <u>United States v.</u>
> <u>Ferguson</u>, 246 F.3d 129, 134 (2d Cir. 2001)).

<u>Id</u>. at 119; <u>see also</u> <u>United States v. Canova</u>, 412 F.3d 331, 349

(2d Cir. 2005) ("The 'ultimate test' [for a Rule 33 motion to

vacate] is 'whether letting a guilty verdict stand would be a

manifest injustice.'") (quoting <u>Ferguson</u>, 246 F.3d at 133).  In

2

other words, "[t]here must be a real concern that an innocent person may have been convicted." United States v. Snype, 441 F.3d 119, 140 (2d Cir. 2006) (internal quotation marks omitted).

The Second Circuit applies the same manifest injustice/innocent person test to all Rule 33 motions, whether based on newly discovered evidence or on some other claim. See, e.g., Canova, 412 F.3d at 349 (applying "manifest injustice" test in assessing Rule 33 claim based on newly discovered evidence, and finding there was not "a real concern that an innocent person may have been convicted"). Numerous authorities in this Circuit so hold.[1]  Indeed, authorities in this Circuit have cited Sanchez and the manifest injustice/innocent person standard discussed

---

[1] See also United States v. Vaval, 209 Fed. Appx. 24, 26 (2d Cir. 2006) (unpublished) (applying same standard in newly discovered evidence claim; "The ultimate test is whether letting a guilty verdict stand would be a manifest injustice.  There must be a real concern that an innocent person may have been convicted."; "We need not address whether 'newly available' testimony may ever count as 'newly discovered' for the purposes of Rule 33 because Scatcliffe's testimony does not raise a real concern as to Bernard's innocence."); Beras v. United States, 152 Fed. Appx. 50, 50 (2d Cir. 2005) (unpublished) (setting forth standard of decision for all Rule 33 motions, including motion for newly discovered evidence, "mindful that the 'strict' standard for granting such relief requires a district court to be left with a 'real concern that an innocent person may have been convicted,' United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992)"); United States v. Lopez-Pena, 2008 WL 2169657, at *3-4 (S.D.N.Y. May 23, 2008) (in denying Rule 33 motion based on newly discovered evidence, holding that motion "falls far short of establishing that it would have produced a different result in the trial.  It certainly does not undermine my confidence in the verdict, and I do not remotely believe that letting the verdict stand would result in manifest injustice."); accord United States v. Baljit, 202 F. Supp. 2d 196, 202 (S.D.N.Y. 2002).

therein in the course of disposing of Rule 33 motions premised on claims of newly discovered evidence.  See, e.g., Beras, 152 Fed. Appx. at 50.

To prevail on a Rule 33 motion based upon a claim of newly discovered evidence, the defendant must demonstrate that the new evidence could not with due diligence have been discovered before or during trial and that the evidence "is so material and non-cumulative that its admission 'would probably lead to an acquittal.'"  United States v. Gallego, 191 F.3d 156, 161 (2d Cir. 1999) (quoting United States v. Siddiqi, 959 F.2d 1167, 1173 (2d Cir. 1992) (quoting United States v. Alessi, 638 F.2d 466, 479 (2d Cir. 1980))); see also United States v. Gilbert, 668 F.2d 94, 96 (2d Cir. 1981).  Additionally, any information purportedly constituting "new evidence" must itself be admissible at trial.  United States v. Parker, 903 F.2d 91, 103 (2d Cir. 1990) (statement of allegedly unavailable witness would have been inadmissible hearsay).

Evidence is not "newly discovered" unless it "could not with due diligence have been discovered at or before trial." United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977) (emphasis added); United States v. Zagari, 111 F.3d 307, 322 (2d Cir. 1997); United States v. Brown, 582 F.2d 197, 202-03 (2d Cir. 1978).

Against the backdrop of this manifest injustice/ innocent person test, when a defendant makes a claim of newly

4

discovered evidence, the Second Circuit has stated that such motions should be approached with a heightened level of skepticism and "great caution." Zagari, 111 F.3d at 322 (internal quotation marks omitted); see also United States v. Gordils, 982 F.2d 64, 72 (2d Cir. 1992) ("We have explained that '[a] district court must exercise great caution in determining whether to grant a retrial on the ground of newly discovered evidence, and may grant the motion only 'in the most extraordinary circumstances.'") (citations omitted).

In this regard, the Second Circuit places the burden on the defendant to satisfy each of five specific elements: "(1) the evidence [must] be newly discovered after trial; (2) facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal." United States v. Owen, 500 F.3d 83, 88 (2d Cir. 2007). Failure to satisfy any one of the elements requires denial of the motion. Id.

In sum, the Owen five-factor analysis occurs in the context of the "ultimate test" of whether a new trial is necessary to avoid a manifest injustice – that is, to avoid the conviction of an innocent person. See, e.g., Canova, 412 F.3d at 349; Vaval, 209 Fed. Appx. at 26; Beras, 152 Fed. Appx. at 50;

5

_Lopez-Pena_, 2008 WL 2169657, at *3-4; _Baljit_, 202 F. Supp. 2d at
202.

<u>ANALYSIS</u>

Here, the defendant has failed to establish the first
two of the required elements of his Rule 33 claim.  Each is
independently dispositive.[2]

I.  <u>The Defendant Has Not Established That He Was Unaware of
the Alleged Newly Discovered Evidence, And That He Could Not
Have Learned of That Evidence Through Due Diligence Prior
To or During Trial</u>

A.  <u>Applicable Standard</u>

First, the defendant has not established that he
(1) was previously unaware of the facts he now alleges, and (2)
if he was unaware, that he exercised due diligence to discover
those facts prior to the verdict being rendered.  <u>Owen</u>, 500 F.3d
at 88.  The burden is on a defendant to establish both a lack of
awareness of the information and exercise of due diligence to
discover it.  <u>Id</u>.  Failure by a defendant to establish both lack
of knowledge and exercise of due diligence is dispositive of a
Rule 33 motion.  <u>See id</u>.; <u>see also</u> <u>United States v. Jasin</u>, 280
F.3d 355, 365 n.9 (3d Cir. 2002) ("if a court determines as a
matter of law that evidence is not newly discovered, then no

---

[2]  For the sake of expedience, the government does not
here analyze the remaining 3 prongs of the <u>Owen</u> test.  Should the
Court grant the defendant's request for an evidentiary hearing,
the government is prepared to elicit evidence of the defendant's
failure to establish the remaining prongs under <u>Owen</u>.

6

matter what the court's conclusions are as to the other . . .
factors, it must deny the defendant's Rule 33 motion").

In regard to the "due diligence" inquiry, a court looks
to the efforts that could have been made by the defendant and
also by the defendant's attorney.  See, e.g., Jasin, 280 F.3d at
362 ("It is equally well settled that evidence is not 'newly
discovered' when it was known or could have been known by the
diligence of the defendant or his counsel.") (citation omitted)
(cited with approval by Owen, 500 F.3d at 88).  Due diligence is
broad, and also includes an obligation to explore all matters
that could be in issue at trial.  See Canova, 412 F.3d at 349
("Canova's assertion that he had no reason to procure this
evidence for trial because he had not anticipated certain
government tactics and arguments is unconvincing.  The evidence
in question all pertained to matters that Canova knew would be in
issue at trial, even if he did not know the government's exact
position on these matters.").  The obligation does not cease once
trial begins, but continues through the entire trial.  See, e.g.,
United States v. Kelly, 539 F.2d 172, 183 (3d Cir. 2008) ("In
light of these facts, we see no reason why Jones could not and
should not have been 'interviewed as a [witness] likely to throw
light on the matter,' prior to Kelly's trial, or at the very

7

latest, before his conviction; and Kelly provides us with none.").[3]

B.   Analysis

Here, the defendant has not made the required showing of a lack of knowledge and exercise of due diligence as to his alleged "newly discovered" evidence.  Having failed to make that showing, the defendant's motion must be denied.[4]

_____

[3]   Here, the defendant had ample opportunity to present alibi evidence at trial.  He attaches to his present motion over one dozen affidavits of varied individuals regarding his alleged alibi.

[4]   Furthermore, the defendant's purported alibi evidence does not satisfy the "innocent man/manifest injustice" standard set forth in Ferguson.  For example, the victim testified at trial that at the time he was threatened at gunpoint, he and the defendant were "alone" in a "rear parking lot."  (T. 109-110). The victim was seated on a staircase, with the defendant standing directly in front of him.  A few moments later, a short, muscular individual appeared, whom the defendant identified as his "cousin."  The defendant then threatened the victim in front of the "cousin."  (T. 110).  The victim became "extremely nervous. I realized what I got myself into and it was a situation were no one else was around."  (T. 115).  Once the defendant and the other male left, the victim "went back into the hall . . . at that time my partner Larry Chiarappo was there . . . and I said to him: 'I got to tell you what just happened.  I went out to the side of the building, I said, and [the defendant] pretty much instructed me to get out of the bid."  (T. 116).  The victim further testified that he told Chiarappo: "Frank just threatened us to get out of the bid . . . he showed me a gun . . . and you know what, he actually said he was going to burn down your bagel stores.  We got to get out of the bid."  (T. 117).  This testimony was corroborated by that of Larry Chiarappo.  Chiarappo testified that he learned of the defendant's threat to the victim while inside the Ariana's Catering Hall at 106 New Dorp [Staten Island].  Although

There are significant reasons why the defendant cannot make such a showing. <u>First</u>, the criminal complaint, filed in the case on September 15, 2011, makes plain that the crime occurred shortly after the victim submitted a bid on the school lunch contract, and shortly before it was withdrawn by him. (Indeed, the government's theory of the case was always that the crime was committed in an effort to induce the victim to withdraw his previously filed bid). (<u>See</u> Complaint at ¶¶ 4-6, Dkt. Entry # 1). <u>Second</u>, <u>Jencks</u> materials provided to the defendant prior to trial make clear that the crime occurred on a Saturday, sometime after the victim placed his bid in June, 2010. (See, 3500-WB-12 - Grand Jury testimony, dated September 15, 2011, at pp. 18-24). <u>Third</u>, trial testimony of the victim, his business associate and the priest in charge of the school lunch program

_____

Chiarappo did not witness the threat, the victim reported it to Chiarappo when he returned to the catering hall. (T. 245, 250).

Against the backdrop of this uncontradicted trial testimony, the defendant now relies, primarily, upon an affidavit submitted by former Ariana's parking valet John Gorgoglione. In substance, the Gorgoglione affidavit attempts to prove a negative: that because Gorgoglione did <u>not</u> see the defendant near the catering hall on the day in question, then the defendant must be innocent of the crimes of conviction. The Gorgoglione affidavit contains numerous concessions, such as: "I am certain that I did not stay at the entrance to the parking lot for the *entire* duration of my shift (i.e. food and bathroom breaks) (emphasis in original); and speculation: "Even as I parked cars, I would have had to have seen [defendant], had he been there," and "[defendant] would have had to pass directly in front of me to go the place where [the victim] says this extortion occurred." (Gorgoglione Aff. at ¶¶ 4-6). Therefore, the instant motion is unavailing substantively was well as procedurally.

all made clear, before the close of the government's case, exactly when the crimes charged in the counts of conviction were committed (i.e., on a Saturday, possibly June 25, 2010, after the victim bid on the contract in late June 2010 and before he withdrew that bid a few days later, on June 30, 2010) (T. 102, 104, 108-109, 118-119, 166, 173, 205-206, 208, 230-231, 262). Fourth, the evidence established that the defendant was himself engaged in bidding on the school lunch contract and therefore was aware of the timing of important events -- well before trial commenced. Lastly, the defendant himself declares, in a sworn affidavit in support of the instant motion, "Once [the victim] testified at trial that the date of the alleged incident was 'the last Saturday in June, 2010 (i.e. June 26, 2010) – I knew I could not have been at the place where [the victim] said I was and/or committed this crime." (Dimattina Affidavit at ¶ 22.)  By his own sworn statement, the defendant has established personal knowledge, during trial, of the evidence which he now claims is "newly discovered."  Accordingly, the defendant had ample notice of the timing of events that "would be in issue at trial." Canova, 412 F.3d at 349.

        In sum, the defendant has failed to carry his burden to show that he was (1) unaware of the facts he now alleges, or (2) could not have learned those facts through the exercise of due

10

diligence.   Controlling Second Circuit authority thus precludes the defendant from sustaining his motion for a new trial.

II.   <u>Pursuant to Rule 33(b)(2), the Motion is Untimely And Should be Denied Without a Hearing</u>

      In support of his motion for a new trial, Dimattina claims that his alleged alibi constitutes "newly discovered" evidence.   As discussed above, that claim is without merit. Therefore, pursuant to Rule 33(b)(2), the motion for a new trial is untimely.   That rule provides:

> Federal Rule of Criminal Procedure 33 authorizes a district court to grant a new trial "if required in the interest of justice."   If such a motion is grounded upon claims of newly discovered evidence, the time to file is within 3 years of the verdict. Any motion for a new trial grounded for any other reason must be filed within 14 days of the verdict.

Fed. R. Crim. P. 33(b)(2).

      Here, the verdict was rendered on January 6, 2012, and the instant motion was filed on March 16, 2012.   Since the motion is not grounded on "newly discovered" evidence, <u>supra</u>, is not a product of "excusable neglect," <u>see</u> <u>United States v. Robinson</u>, 430 F.3d 537, 542 n.3 (2d Cir. 2005), and was not filed within 14 days of the verdict, it should be denied in its entirety without a hearing.

III. <u>Sentencing</u>

      Given the meritless nature of the defendant's current motion, and the important interest of the public and the victims

11

in imposition of sentence, the government requests that the sentencing date be maintained assuming that date remains convenient to the Court.

<u>CONCLUSION</u>

For the reasons set forth above, the defendant's Rule 33 motion should be denied in its entirety.

Dated:     Brooklyn, New York
           March 22, 2012


                                    LORETTA E. LYNCH
                                    United States Attorney
                                    Eastern District of New York

Jack Dennehy
Assistant U.S. Attorney
(Of Counsel)