```
TM:JD
F.#2011R01280

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -                           11 CR 705 (JBW)

FRANK DIMATTINA,

            Defendant.

- - - - - - - - - - - - - - - - -X
```

GOVERNMENT'S MEMORANDUM OF LAW IN RESPONSE TO
THE COURT'S QUESTION REGARDING STAYING SENTENCE

```
                                    LORETTA E. LYNCH
                                    United States Attorney
                                    Eastern District of New York
                                    271 Cadman Plaza East
                                    Brooklyn, New York  11201

Jack Dennehy
Assistant U.S. Attorney
     (Of Counsel)
```

PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law in response to the Court's inquiry, raised at the conclusion of proceedings held on March 26, 2012, regarding the propriety of staying the defendant's sentence pending appeal and/or habeas petition relief.[1]  For the reasons set forth below, the Court should sentence the defendant on the counts of conviction without granting bail or staying imposition of that sentence.

STANDARD OF DECISION

The standard governing a defendant's release or detention pending appeal is set forth in 18 U.S.C. § 3143, which "reverse[s] the presumption in favor of bail [pending appeal]." United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985); see also United States v. Randell, 761 F.2d 122, 124-25 (2d Cir. 1985). That reversal was based on Congress's view that "once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances." Miller, 753 F.2d at 22 (quoting H. Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)).

---

[1] The government does not here address the Court's question regarding the sentencing scheme set forth in United States v. Chavez, 549 F.3d 119 (2d Cir. 2008).  The defendant has effectively conceded the issue, agreeing in principle with the assertion that the Court may not "conflate" the sentence imposed on Count Two with that required by law on Count Three.  The defendant properly reserves his rights under 18 U.S.C. § 3553(a).

The current statutory presumption of detention pending appeal means that "the defendant now has the burden of pro[of]," Miller, 753 F.2d at 24, and must be detained pending appeal unless the court finds, inter alia, (1) that there is clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community and (2) that the appeal is not for the purpose of delay and raises a "substantial question of law or fact" and that the substantial question "is likely to result in reversal." Id. See also Randell, 761 F.2d at 125. The Second Circuit has explained that the word "substantial" in Section 3143 means "of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." Randell, 761 F.2d at 125 (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)).

### ANALYSIS

Here, the defendant has failed to establish the elements necessary to warrant the drastic relief of bail pending appeal or a stay of his sentence.

I.   The Defendant Has Not Raised Questions Likely to Result in Reversal

The defendant raises three potential issues that he characterizes as "viable, if not compelling, appellate issues that will result in the reversal of his conviction." (Def. Mem. at 3). However, the defendant's arguments are meritless and present no basis for reversal on appeal.

A.  <u>Rule 33 Motion</u>

Defendant's claim that his Rule 33 motion will bear success on appeal is belied by the fact that the Court has properly denied that motion on the grounds that (1) evidence of the alleged alibi was not "newly discovered," based on the defendant's own concession that the information was known to him, at a minimum, during the trial and before the verdict[2], and (2) the motion was not otherwise timely filed under Rule 33(b)(2). Therefore, his present claim of the likelihood of success on appeal is not persuasive.

Furthermore, the defendant's alleged alibi evidence is far from definitive. Affidavits filed in support of the Rule 33 motion, from various individuals, were executed nearly two months following the trial. The affidavits, taken individually and as a whole, fail by any standard to establish an iron clad alibi defense. Many include assertions based on hearsay or upon review of documents which have never been authenticated or subject to objective scrutiny. Neither the contents of the affidavits nor the affiants themselves have been subject to any scrutiny whatsoever by the Court or the government. Prior counsel, defense investigators and others whom the defendant now claims were aware, during trial, of this alleged alibi defense have not

---

[2]  Nothing in the record supports defendant's suggestion (Def. Mem. at 5) that the government in some way provided late or insufficient disclosure of materials it was obligated to disclose.

been afforded any opportunity to respond to the defendant's claims. Therefore, the defendant is extremely unlikely to prevail on an appeal of the Court's denial of the Rule 33.

B. <u>Ineffective Assistance of Counsel</u>

To demonstrate ineffective assistance of counsel, a defendant must satisfy the two-part test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Specifically, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficiency caused actual prejudice. <u>Id.</u> at 694. "In applying this standard, a reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>United States v. Gaskin</u>, 364 F.3d 438, 468 (2d Cir. 2004) (quotations omitted).

To satisfy the first prong of <u>Strickland</u>, a defendant must establish that counsel's actions fell below an objective standard of reasonableness. Counsel's advice and performance must be assessed "on the basis of the facts of the particular case 'viewed as of the time of counsel's conduct'" and without the benefit of hindsight. <u>Mayo v. Henderson</u>, 13 F.3d 528, 533 (2d Cir. 1994) (quoting <u>Strickland</u>, 466 U.S. at 690). Courts should not second guess the strategic decisions of trial counsel. <u>See</u> <u>United States v. Aguirre</u>, 912 F.2d 555, 563 (2d Cir. 1990); <u>see also</u> <u>Kieser v. New York</u>, 56 F.3d 16, 18 (2d Cir. 1995).

To satisfy the second <u>Strickland</u> prong, a defendant must show actual prejudice, <u>i.e.</u>, "but for counsel's

unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Strickland does not set forth "mechanical rules." Id. at 696. Therefore, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Where, as here, there has not been an adequately developed record for an ineffective assistance of counsel claim[3], the Second Circuit will either dismiss the appeal and leave open to the defendant the option of bringing a claim pursuant to 28 U.S.C. § 2255, or remand the issue to the district court for further fact-finding. See United States v. Doe, 365 F.3d 150, 152 (2d Cir. 2004). Because "judicial economy is served" when ineffective assistance of counsel claims are made pursuant to §

---

[3]     The Second Circuit has expressed a preference for affording former counsel an opportunity to respond to the allegations of the disaffected client. See Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998). As the Sparman court noted, district courts facing a claim of constitutional ineffectiveness should generally offer former counsel an "opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." Id.; Cf. Deniro v. United States, 2008 WL 597205, at *2-3 (E.D.N.Y. 2008) (ILG) (denying habeas petitioner's 28 U.S.C. § 2255 claim based on, among other things, affidavit submitted by former counsel "recount[ing] the events leading up to petitioner's sentence"). On March 28, 2012, the government advised prior counsel by letter of the defendant's present claims.

2255, see id. at 154, the result on appeal is unlikely to be a remand to the district court for further fact finding. See United States v. Rittweger, 02 CR 122(JGK), 2005 WL 3200901 (S.D.N.Y. Nov. 30, 2005).[4] Therefore, the defendant has not established a likelihood of success on appeal for his ineffective assistance of counsel motion.

### C. Bill of Particulars

The Court properly denied the defendant's motion for a bill of particulars. Nothing in the record supports the defendant's present contention that the denial of that motion is likely to be vital to the defendant's likelihood of success on appeal. By the defendant's own concession, material information relative to the time of the crime was known to the defendant, at a minimum, by the second day of the trial, and well before a verdict was rendered in the case. Therefore, the defendant has not established a likelihood of success on appeal with respect to this claim.

---

[4] Although a defendant may seek habeas relief pursuant to § 2255 while he is on bail pending appeal, there must be some constraints on the defendant to satisfy the custody requirement for seeking habeas relief. Hensley v. Municipal Court, 411 U.S. 345, 351-52 (1973); United States v. Arthur, 367 F.3d 119, 121 (2d Cir. 2004). The defendant must also be "under sentence of a court" to proceed under § 2255.

CONCLUSION

For the reasons set forth above, the defendant has not demonstrated a likelihood of success on appeal which would warrant the drastic relief of bail pending appeal. His application in that regard should be denied in its entirety.

Dated:   Brooklyn, New York
         March 28, 2012

                                        LORETTA E. LYNCH
                                        United States Attorney
                                        Eastern District of New York

Jack Dennehy
Assistant U.S. Attorney
(Of Counsel)